UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEISHMOND J. DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION, et al.,<br><br>Defendants. | CASE NO. C23-1838JLR<br><br>ORDER |

On November 30, 2023, *pro se* Plaintiff Keishmond J. Davis filed a document titled "change of venue," which the court construes as an *ex parte* motion to transfer venue. (Mot. (Dkt. # 4).) The court has considered the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Mr. Davis's motion.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have

ORDER - 1

been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to "prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge F.B.L.-585*, 364 U.S. 19, 26-27 (1960)). To support a motion to transfer under Section 1404(a), the moving party must first show that the transferee court possesses subject matter jurisdiction over the action, venue would have been proper in the transferee court, and the parties would be subject to personal jurisdiction in the transferee court. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960); *A.J. Indus., Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 503 F.2d 384, 386 (9th Cir. 1974). The court then considers whether the convenience of the parties and witnesses and the interests of justice favor transfer. *See* 28 U.S.C. § 1404(a); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (announcing factors to be considered in a case-by-case analysis of convenience and fairness). The moving party bears the burden of demonstrating that transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

"While it is unusual for a plaintiff to move to transfer venue, a plaintiff may seek a transfer pursuant to Section 1404(a) for the convenience of parties and witnesses and in the interest of justice." *See Cox v. Ashcroft*, No. CVF05-149OWW/GSA, 2008 WL 802314, at *1 (E.D. Cal. Mar. 25, 2008). However, district courts in the Ninth Circuit "routinely" require a plaintiff to show that there has been a change of circumstances since the case was filed that warrants transfer "where a plaintiff attempts a transfer away from

its initial venue selection."[1] *See Green Aire for Air Conditioning W.L.L. v. Salem*, No. 118CV00873NONESKO, 2020 WL 4734909, at *3 (E.D. Cal. Aug. 14, 2020) (quoting *B&G Foods N. Am., Inc. v. Embry*, No. 2:20-cv-00526-KJM-DB, 2020 WL 3605070, at *2 (E.D. Cal. July 2, 2020) (collecting cases)); *see also Sifuentes v. Nautilus, Inc.*, No. C21-5613JLR, 2022 WL 1126742, at *3 (W.D. Wash. Mar. 17, 2022). "This is because, if courts did not require a plaintiff to show changed circumstances, 'a motion to transfer venue could become an unchecked tool for the plaintiff to shop among forums and between judges.'" *Green Aire*, 2020 WL 4734909, at *3 (quoting *B&G Foods*, 2020 WL 3605070, at *2).

Mr. Davis falls well short of meeting his burden to demonstrate that transfer is appropriate. Mr. Davis has not argued, much less shown, that this court has subject matter jurisdiction over this action, that venue would be proper in the transferee court, or that the parties would be subject to personal jurisdiction in the transferee court. (*See generally* Mot.); *see also Hoffman*, 363 U.S. at 344. In fact, Mr. Davis does not even identify the venue to which he seeks to transfer his case. (*See* Mot. at 2 (stating that "[t]he plaintiff requests relocation to jurisdictions that provide access to: . . . [r]elevant courts").) Moreover, Mr. Davis has not shown that that there has been a change of circumstances since the case was filed that warrants transfer. *See Green Aire*, 2020 WL 4734909, at *3. Nor could Mr. Davis make such a showing in this instance, as he filed

---

[1] The Ninth Circuit has not explicitly addressed this issue or adopted a standard stating that a plaintiff must show changed circumstances. *See, e.g.*, *Howard v. CVS Caremark Corp.*, No. CV 13-04748 SJO (PJWx), 2013 WL 12164627, at *2 n.4 (C.D. Cal. Aug. 22, 2013).

his motion to transfer venue the same day that he filed his complaint.  (*See generally* Mot.; Compl. (Dkt. # 1).)

Accordingly, the court DENIES Mr. Davis's motion to transfer venue (Dkt. # 4). Should Mr. Davis wish to pursue his claims in a different court, he may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) and re-file it in his preferred venue.

Dated this 20th day of December, 2023.

JAMES L. ROBART
United States District Judge