UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEISHMOND J. DAVIS,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>UNITED SERVICES<br>AUTOMOBILE ASSOCIATION, et al.,<br><br>　　　　　　Defendants. | CASE NO. C23-1838JLR<br><br>ORDER |

Before the court are *pro se* Plaintiff Keishmond J. Davis's motions (1) requesting the United States Marshals Service to serve the summons and complaint on Defendants United Services Automobile Association, Charles Hatfield, Steven Shunk, Marianne Raymer, and Ayanna Cato (collectively, "Defendants") (Serv. Mot. (Dkt. # 8)), and (2) requesting a pre-trial conference (Conf. Mot. (Dkt. # 7)). The court has considered the motions, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Mr. Davis's motions.

ORDER - 1

1       The court begins with Mr. Davis's motion requesting service by the U.S. Marshals. Under Federal Rule of Civil Procedure 4(c)(3), "[a]t the plaintiff's request, the court *may* order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3) (emphasis added). But the court is not obligated to do so unless the plaintiff is "authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916." *Id.* Although Mr. Davis paid the filing fee and therefore is not proceeding *in forma pauperis* (*see generally* Dkt.), he claims he is entitled to service by the U.S. Marshals under Rule 4(c)(3) because he is a seaman under 28 U.S.C. § 1916. (Serv. Mot. at 1.)

    28 U.S.C. § 1916 provides that in federal court, "seamen may institute and prosecute suits . . . for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety without prepaying fees or costs or furnishing security therefor." *See also Hernandez v. U.S. Lines, Inc.*, No. 99 Civ. 5201(RWS), 1999 WL 1062463, at *2 (S.D.N.Y. Nov. 18, 1999) (observing that "[t]his provision is but one of a number of specific privileges and heightened legal protections provided seamen under Federal law" due to "special solicitude accorded seamen because of their exposure to the 'perils of the sea.'" (quoting *Chandris, Inc. v. Latsis,* 515 U.S. 347, 354 (1995)). "[T]he prototypical § 1916 plaintiff is a vessel's crewman who files suit against the vessel and its owners for unpaid wages." *Jackson v. United States*, No. 5:16-cv-392-Oc-39PRL, 2016 WL 10536993, at *1 (M.D. Fla. Sept. 21, 2016) (concluding plaintiff and his claims, which included insurance fraud, did not come within the scope of 28 U.S.C.

//

§ 1916). "[C]ourts generally allow plaintiffs to proceed as seamen when they allege that some injury occurred while they worked on a seagoing vessel." *Id.* at *2.

Here, Mr. Davis claims he is a seaman because he "is a U.S. serviceman of the United States Army ranking Specialist equal to Corporal by promotion, non – officer and low ranking." (Serv. Mot. at 1.) But Mr. Davis makes no allegations demonstrating that he is a Navy serviceman or otherwise worked aboard a seagoing vessel. (*See generally* Mot.; Compl. (Dkt. # 1).) Accordingly, he fails to show he is a seaman within the meaning of 28 U.S.C. § 1916. *See, e.g.*, *Fellows v. Texas*, No. 3:21-cv-1647-L-BN, 2021 WL 4312563, at *1-2 (N.D. Tex. Aug. 4, 2021) (recommending dismissal of *pro se* complaint for failure to pay filing fee because plaintiff, a retired U.S. Army officer, failed to make factual allegations demonstrating he was a seaman under 28 U.S.C. § 1916), *findings, conclusions, and recommendation adopted*, 2021 WL 4310585 (N.D. Tex. Sep. 22, 2021). Even if he were a seaman, Mr. Davis still would not be entitled to service by the U.S. Marshals under Rule 4(c)(3) as this is not an action for Mr. Davis's "own benefit for wages or salvage or the enforcement of laws for [his] health or safety." 28 U.S.C. § 1916; *see also* Fed. R. Civ. P. 4(c)(3). Rather, this is an automobile insurance dispute. (*See generally* Compl.) The court therefore is not required to order service. And because Mr. Davis fails to explain why he needs the court's assistance or why he cannot serve Defendants himself, the court declines to exercise its discretion to order service in this instance. *See Carter v. Thrasher*, No. C22-0050BHS, 2022 WL 782424, at *1 (W.D. Wash. Mar. 15, 2022).

//

ORDER - 3

1     Accordingly, the court DENIES Mr. Davis's motion for service by the U.S. Marshals (Dkt. # 8).  In addition, the court DENIES Mr. Davis's motion requesting a pre-trial conference (Dkt. # 7) as premature.  Pre-trial conferences usually take place on the eve of trial; here, Mr. Davis has yet to serve Defendants and the court has neither issued a case schedule nor a trial date.  (*See generally* Dkt.)

    Dated this 7th day of February, 2024.

                                            JAMES L. ROBART
                                            United States District Judge